# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MADASI OIL CORP.; MIGUEL D. LAUSELL and MARCOS DASILVA<br><br>Plaintiffs,<br><br>v.<br><br>AREVENCA REFINERY COMPLEX; FRANCISO JAVIER GONZÁLEZ-ÁLVAREZ; THE CONJUGAL PARTNERSHIP BETWEEN HIM AND HIS SPOUSE; INSURANCE COMPANY A; and INSURANCE COMPANY B.<br><br>Defendants. | CIVIL NO.: 12-1863 (FAB)<br><br>RE: BREACH OF CONTRACT;<br>      TORT<br><br>PLAINTIFF DEMANDS JURY TRIAL |

## MOTION FOR LEAVE TO SERVE PROCESS BY PUBLICATION

**TO THE HONORABLE DISTRICT COURT**:

**COMES NOW**, plaintiffs Madasi Oil Corp., Miguel D. Lausell and Marcos DaSilva, (collectively "Madasi") through its undersigned counsel, and very respectfully states, alleges and prays:

1. On October 11, 2012, Madasi filed its "Complaint" in this case. **Docket No. 1**. An "Amended Complaint" was later filed on December 18, 2012. **Docket No. 5**. Summonses were requested and obtained on February 2013.

2. Since then, Madasi has attempted to serve process on defendants by different means, as detailed below. Unfortunately, all efforts were fruitless. Thus, Madasi requests leave to serve process by publication. And in support of this request to serve process by publication, Madasi hereunder details the efforts made to serve process on defendants.

1

3.      Plaintiffs can serve process on defendants by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). In Puerto Rico, Rule 4.6 of Civil Procedure allows plaintiffs to seek an order to summon by publication a party outside the jurisdiction. 32A Laws of P.R. Ann. Ap. V, Rule 4.6(a). As a prerequisite to obtain the order, plaintiffs shall demonstrate efforts to personally serve the party were futile. Id.

4.      As alleged in the Amended Complaint, co-defendant Arevenca Refinery Complex, ("ARC") had its offices in Aruba. **Docket No. 5** at ¶4. Co-defendant Francisco Javier González-Álvarez ("González") is allegedly domiciled in Spain. **Docket No. 5** at ¶5. To personally serve them, Madasi did the following efforts.

5.      On February 27, 2013, Madasi sent the summons to the Department of State of Puerto Rico. **Exhibit 1**. Pursuant to 14 Laws of P.R. Ann. § 3811, the Department of State could have served process on ARC. Madasi had found another address of ARC. That address is in Spain. As a result, the Department of State of Puerto Rico did efforts to serve ARC both in Aruba and in Spain. **Exhibit 1**. To this end, the Department of State of Puerto Rico requested the General Consul of Spain, Honorable Eduardo Garrigues López-Chicheri, to initiate the procedures to serve process on ARC pursuant to the Hague Service Convention. **Exhibit 1**. On or around April 2014,[1] undersigned received the confirmation from the Consulate of Spain that the attempts to serve process on ARC had not rendered any positive results. **Exhibit 2**.

6.      Meanwhile, Madasi continued to seek for co-defendant's addresses. Madasi confirmed that co-defendant González was permanently living at a hotel in Madrid, Spain. Using that information, on May 5, 2013, Madasi sent Spain's Ministry of Justice ("Ministerio de

---

[1] While the transmittal letter is dated March, 2014, we received the document via the Office of Inspection of Notary ("ODIN" for its Spanish acronym). Inexplicably, the documents were delivered to ODIN; ODIN notified undersigned that the documents were in its possession.

Justicia"), a request pursuant to the Hague Service Convention, asking them to serve both co-defendants. **Exhibit 3**. On October 2013, Spain's Ministry of Justice returned the documents attesting their efforts to serve process on co-defendants, and attesting they were unable to serve either one of the co-defendants.

7. Madasi has attempted additional efforts to locate both co-defendants. No new information has been obtained that can help Madasi serve process on co-defendants.

8. Moreover, we think relevant to inform this Honorable Court that as a result of the transaction between Betteroads Asphalt Corp. ("Betteroads") and ARC, detailed in the Amended Complaint at **Docket No. 5**, Betteroads sue ARC and González, (as well as Madasi), in local court. The case number is KAC2012-0901. In that case, Betteroads was also unable to serve process on ARC or González. As a result, the Court allowed them to serve ARC and González by publication. **Exhibit 4**. Yet, as explained above and demonstrated with **Exhibits 1 – 3**, Madasi did all possible efforts to serve both co-defendants, as required by 32A Laws of P.R. Ann. Ap. V, Rule 4.6(a). Thus, Madasi requests that it be allowed to serve co-defendants by publication.

**WHEREFORE**, for the above given reasons, Madasi very respectfully requests from this Court to allow Madasi to serve co-defendants by publication.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 9th day of June, 2014.

        Counsel for *Madasi Oil Corp., Miguel D. Lausell, &*
           *Marcos DaSilva*

        **s/Carlo Defendini-Díaz**_____
        USDC PR No. 227814
        cdefendini@pod-law.com
        **PAGÁN, ORTEGA & DEFENDINI LAW OFFICES, P.S.C.**
        American Airlines Bldg., 1509
        López Landrón st., Suite 1200

San Juan, P.R. 00911-1959
Tel.: (787) 723-9393
Fax: (787)723-9251

*and*

**CARLO LAW OFFICES**
American Airlines Bldg., 1509
López Landrón st., – PH
San Juan, Puerto Rico 00911-1959
Tel. (787) 721-6010
Fax. (787) 766-6219
ocarlo@carlolaw.com

4